In re Mohammad DAGHIGHFEKR, Debtor.

Mohammad DAGHIGHFEKR, Appellant,

v.

Laurence MEKHAIL, Appellee.

BAP No. CC–93–1194–VBaJ.
Bankruptcy No. LA–91–90086–AG.
Adv. No. LA–91–07210–AG.

United States Bankruptcy Appellate Panel of the Ninth Circuit.
Argued and Submitted on Oct. 21, 1993.

Decided Dec. 22, 1993.

David S. Hagen, Encino, CA, for appellant.
Appellee did not participate in appeal.

Before VOLINN, BAUM [1], and JONES, Bankruptcy Judges.

### OPINION

VOLINN, Bankruptcy Judge:

The debtor appeals a bankruptcy court order determining a state court default judgment comprised of special, general, and punitive damages that arose out of a lawsuit for

---

1.  Hon. Redfield T. Baum, Sr., Bankruptcy Judge    for the District of Arizona, sitting by designation.

assault and battery to be nondischargeable. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1981, debtor-appellant, Mohammad Daghighfekr, assaulted appellee Laurence Mekhail, breaking his jaw. Debtor pled no contest to a criminal complaint and defaulted when Mekhail brought civil suit. After a prove up hearing in the civil suit, the state court awarded Mekhail $14,793 as special damages, $100,000 as general compensatory damages, and $500,000 as punitive damages. Debtor filed a bankruptcy petition, and Mekhail commenced an adversary proceeding under 11 U.S.C. § 523(a)(6)[2] to have his judgment determined nondischargeable.

Debtor did not appear at the bench trial. Mekhail appeared as the sole witness. He testified that while he was working as manager of a gas station, debtor cut in front of other customers lined up for service. When Mekhail told him to move his vehicle, debtor responded by punching and kicking him, breaking his jaw and beating him unconscious. Mekhail was hospitalized for six days and had problems thereafter.

The bankruptcy court after hearing testimony as to liability filed a memorandum decision on February 2, 1993. The memorandum decision supports the bankruptcy court judgment finding the state court judgment of $614,942.50 nondischargeable. Debtor timely appealed the bankruptcy court's judgment.

## ISSUE PRESENTED

Whether the court committed reversible error by holding a state court default judgment nondischargeable in its entirety as to liability and damages, including punitive damages, when no evidence was presented independently as to the damage elements of the judgment in the adversary proceeding.

2. Unless otherwise stated, all references to "sections" are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330.

3. Debtor does not expressly state his acquiescence to the finding that the assault was willful

## STANDARD ON REVIEW

Debtor does not dispute the factual findings regarding his assault and battery of Mekhail; rather he asserts that the law requires reversal of the bankruptcy court order because the court was required to find the amount of damages independently of the state court default judgment. This issue of law is reviewed *de novo*.

## DISCUSSION

### I. Issue preclusion in a dischargeability proceeding is focused on the nature of the liability.

■ Debtor admits that his assault and battery were willful and malicious and that his liability for the act is nondischargeable under § 523.[3] Debtor contends, however, that a default judgment has no preclusive effect on a bankruptcy court as to either the nature of the act causing injury or the amount of damages awarded. Although debtor admits nondischargeable liability for the $14,713 special damages proved at the bench trial, he claims that the bankruptcy court had insufficient evidence before it to hold debtor liable for $100,000 in compensatory damages and $500,000 in punitive damages.

Debtor cites *In re Dvorak*, 118 B.R. 619 (Bankr.N.D.Ill.1990) in support of his assertion that the amount of a default judgment has no preclusive effect. This reading of *Dvorak* is incorrect. The case states that while a default judgment or an unopposed summary judgment has no preclusive effect as to the issue of the willful and malicious nature of the injury on which the judgment is based, once this issue has been determined by the bankruptcy court, the judgment itself is *res judicata* as to the amount of the judgment. *Dvorak*, 118 B.R. at 629. This is the law of the Ninth Circuit. *In re Comer*, 723 F.2d 737, 740 (9th Cir.1984) (evidence as to amount of default judgment has no relevancy to determination of nature of the debt). The

and malicious, but he does not argue against it. In any event, Mekhail's uncontroverted testimony at the bench trial is sufficient to affirm the finding as not clearly erroneous. Fed.R.Bankr.P. 8013.

trial court was correct to apply *res judicata* effect to the state court damage award. Debtor makes subsequent arguments on appeal as to the proper standards for determination of compensatory and punitive damages, but, as indicated, these arguments are not relevant.

*II.   Punitive damages in a pre-bankruptcy judgment may be encompassed in a nondischargeability bankruptcy judgment.*

■ Cases have discussed whether punitive damages allowed by a judgment based on willful and malicious conduct should nevertheless be subject to discharge in a proceeding under § 523. *See In re Dahlstrom,* 129 B.R. 240, 245–47 (Bankr.D.Utah 1991) (citing cases). The Ninth Circuit has decided clearly that punitive damages can be excepted from discharge under § 523(a)(6). *In re Britton,* 950 F.2d 602, 605–07 (9th Cir.1991) (holding punitive damages imposed under § 523(a)(6) nondischargeable); *In re Levy,* 951 F.2d 196 (9th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 2965, 119 L.Ed.2d 586 (1992) (holding punitive damages assessed for fraud dischargeable pursuant to subsection (a)(2), but distinguishing punitive damages assessed for willful and malicious injury pursuant to subsection (a)(6) as nondischargeable); *In re Adams,* 761 F.2d 1422 (9th Cir.1985) (both compensatory damages and punitive damages are nondischargeable pursuant to subsection (a)(6)); *Coen v. Zick,* 458 F.2d 326 (9th Cir.1972) (addressing the scope of dischargeability under 11 U.S.C. § 35(a)(8) (1976), the precursor to 11 U.S.C. § 523(a)(6)). As the rule of *Adams* is restated in *Levy,* punitive damages assessed for conduct found to be willful and malicious under § 523(a)(6) are barred from discharge in bankruptcy. "For punitive damages ... the appropriate exception to discharge is 523(a)(6)...." *Levy,* 951 F.2d at 199.

■ A debt for "willful and malicious injury" refers to liability that arises from a willful and malicious act that causes injury. It is the nature of the act, not the extent or quantum of liability that is examined under § 523(a)(6): "All liabilities resulting there-

from are nondischargeable." *Adams,* 761 F.2d at 1428 (citation omitted).

The foregoing conclusion is consistent with the statutory formulation of the relationship between the nature or type of liability at issue and the debt or obligation created by such liability. Section 523(a)(6) provides, in relevant part:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity ...

11 U.S.C. § 523(a)(6).

As defined in § 101(12), " 'debt' means liability on a claim." "Debt" is therefore coextensive with "claim." *Johnson v. Home State Bank,* 508 U.S. 78, —— n. 5, 111 S.Ct. 2150, 2154 n. 5, 115 L.Ed.2d 66 n. 5 (1991). Mekhail's default judgment unarguably is a claim in the bankruptcy case. Debtor's possible remedies against this state court judgment included motions to reconsider or vacate the judgment, or to take an appeal from it. The bankruptcy court is not the proper forum to reverse or adjust an adverse judgment. Under § 523, the bankruptcy court has jurisdiction only to discharge or except from discharge the debtor from the debt. While other sections of the Bankruptcy Code grant the court jurisdiction to allow and disallow claims, and therefore, given the appropriate circumstances, to adjust the amount of Mekhail's claim, this statutory mechanism may not be invoked under § 523 to amend, alter, or reverse valid state court judgments. Such judgments clearly are valid debts. Since the full amount of a judgment, whether obtained by default or otherwise, is a valid claim, the only issue before us is whether it survives the bankruptcy pursuant to a relevant subsection of § 523. While the state court judgment may encompass distinctive components, such as special, general, and punitive damages, all of them stem from the willful and malicious conduct specifically excepted from dischargeability by the statute.

## CONCLUSION

Section 523(a)(6) bars from discharge liability on a claim for willful and malicious injury. The debtor does not dispute that the judgment he wishes to discharge arises from a willful and malicious injury. The court did not err by determining the entire judgment nondischargeable. The trial court order therefore is affirmed.