68 F.3d 312
 Bankr. L. Rep. P 76,676, 95 Cal. Daily Op. Serv. 7988,
95 Daily Journal D.A.R. 13,733
In re Terry ALSBERG, dba Alsberg Brothers Boatworks, Debtor.
Terry ALSBERG, dba Alsberg Brothers Boatworks, Appellant,
v.
Jerome E. ROBERTSON, Chapter 7 Trustee, Appellee.
 No. 94-15085.
BAP No. NC-92-2318-JAsO.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Sept. 11, 1995.
Decided Oct. 11, 1995.
 
 Henry G. Rendler, San Jose, CA, for appellant.
 Charles P. Maher, Rosenblum, Parish & Isaacs, San Francisco, CA, for appellee.
 Appeal from the Bankruptcy Appellate Panel of the Ninth Circuit.
 Before: BEEZER and THOMPSON, Circuit Judges, and JUSTIN L. QUACKENBUSH, District Judge.*
 BEEZER, Circuit Judge:
 
 
 1
 Debtor Terry Alsberg, dba Alsberg Brothers Boatworks, ("Alsberg") appeals the Bankruptcy Appellate Panel's ("the BAP") decision that Alsberg is entitled only to the $45,000 homestead exemption allowed under California law from proceeds from the sale of his residence. Alsberg argued to the BAP that he was additionally entitled to the value of post-bankruptcy-petition appreciation in the value of his residence. The BAP held that such appreciation accrued to the bankruptcy estate.
 
 
 2
 The BAP had jurisdiction pursuant to 28 U.S.C. Sec. 158(b), and we have jurisdiction pursuant to 28 U.S.C. Secs. 158(c) and (d). We affirm.
 
 
 3
 * Alsberg filed for Chapter 11 bankruptcy on May 29, 1987. At that time he owned and occupied a residence in Santa Cruz, California ("the residence"). As determined by the bankruptcy court and the BAP, the residence was worth $259,000 at the time of filing. At the time of filing, the residence was encumbered by a promissory note secured by a deed of trust for $225,125 ("the mortgage") and tax liens totalling approximately $86,000.[1] Under the versions of 11 U.S.C. Sec. 522(b)(2)(A) and California Code of Civil Procedure Sec. 704.730(a)(2) in effect at the time of filing, Alsberg was entitled to claim a homestead exemption of $45,000 on the residence.
 
 
 4
 On February 4, 1988, Alsberg filed amended Schedules A and B. The amended schedules of February 4, 1988 do not include a schedule B-4, the schedule for claiming exemptions.
 
 
 5
 In August 1988, Alsberg entered into an agreement to sell the residence for $380,000 and moved for court approval of the sale. On September 28, 1988, the bankruptcy court heard Alsberg's motion concurrently with a motion to convert the case to a Chapter 7 bankruptcy. The court converted the case to Chapter 7 and ordered the motion for approval of sale held in abeyance pending review by the trustee, Jerome Robertson ("Robertson"). Robertson determined that the sale should go forward, but that Alsberg's motion was defective. Accordingly, Robertson moved for approval of the sale. The motion was granted on October 28, 1988 and escrow closed on November 1, 1988. The proceeds of the sale amounted to approximately $115,000, after payment of the mortgage, applicable costs of sale and capital gains tax.
 
 
 6
 On January 24, 1989, Alsberg filed an Amended B-4 schedule, along with other amended and supplemental schedules. In the January 24, 1989, B-4 Schedule, for the first time, Alsberg claimed a homestead exemption of $45,000. Only the proceeds of the sale of the residence existed at this time.
 
 
 7
 In October 1991, Alsberg moved to compel Robertson to abandon the proceeds of the sale, arguing that because the amount owed on the mortgage ($225,125), plus the homestead exemption ($45,000), exceeded the value of the residence at the time of filing ($259,000), the residence was effectively removed from the bankruptcy estate at the time of filing. Accordingly, Alsberg concluded that the estate was not entitled to any of the proceeds of the sale, and instead, he should receive them. The bankruptcy court determined that (1) Alsberg was entitled to a homestead exemption of $45,000; (2) the property was worth $259,000 at the time of filing; (3) the tax liens were irrelevant to a determination of the amount allowable as a homestead exemption; and (4) because the estate had an interest in the residence when Alsberg filed bankruptcy, and maintained that interest through the time of sale, the estate was entitled to any appreciation in the value of the residence between the time of filing and the time of sale.
 
 
 8
 Both Alsberg and Robertson appealed to the BAP. The BAP affirmed, holding that the estate was entitled to all post-bankruptcy-petition appreciation in the property, but that Alsberg was entitled to $45,000 of the sale proceeds as his homestead exemption.
 
 
 9
 Alsberg timely appeals.
 
 II
 
 10
 We review de novo decisions of the BAP. Steelcase Inc. v. Johnston (In re Johnston), 21 F.3d 323, 326 (9th Cir.1994). We review, as does the BAP, the bankruptcy court's conclusions of law de novo and its findings of fact under the clearly erroneous standard. Id.
 
 III
 
 11
 Under the Bankruptcy Code, 11 U.S.C. Sec. 522(b)(2)(A), a debtor may claim a homestead exemption for his residence, and the amount of the exemption may be determined by state law. California Code of Civil Procedure Sec. 704.730(a)(2) sets the amount at $45,000 for debtor-homeowners in Alsberg's circumstances.
 
 
 12
 Alsberg argues that an aggregate $33,875 interest in the residence became the property of the bankruptcy estate on the date of filing the bankruptcy petition. This sum represents $259,000 market value at the time the petition was filed, less a note for $225,125 secured by a deed of trust. He contends that the $45,000 homestead exemption was effective, apparently automatically, immediately after filing. Alsberg also contends that the homestead exemption operated to move the $33,875 interest out of the bankruptcy estate, leaving the estate with no interest in the residence after the date of filing the bankruptcy petition. Alsberg concludes that because the estate had no interest in the residence after the date of filing the bankruptcy petition, the estate is not entitled to post-bankruptcy-petition appreciation.
 
 
 13
 This case is controlled by the rule enunciated in Hyman v. Plotkin (In re Hyman), 967 F.2d 1316 (9th Cir.1992).[2] Alsberg relies heavily on Rigby v. Hall (In re Hall), 1 F.3d 853 (9th Cir.1993). That opinion, however, has been withdrawn and vacated, and is no longer controlling precedent. In re Hall, 1 F.3d 853 (9th Cir.1993), withdrawn and vacated, 41 F.3d 502 (9th Cir.1994), superseded by 42 F.3d 1399 (9th Cir.1994).
 
 
 14
 In In re Hyman, the Hymans, residents of California, owned a residence valued at $415,000 at the time of filing the bankruptcy petition. The residence was encumbered by approximately $348,000 in liens, resulting in a net equity of approximately $67,000. The Hymans claimed a $45,000 homestead exemption. The bankruptcy court approved the trustee's motion for permission to sell the Hymans' residence. The Hymans sought declaratory relief, claiming, among other things, that they were entitled to all post-bankruptcy-petition appreciation in their residence. We held:
 
 
 15
 [T]he Hymans' claim for appreciation is without merit. The California statute gives the Hymans a $45,000 exemption as of the time of sale, not a $45,000 equity in the property.... Only in the bankruptcy context, where an appreciable period of time usually passes between filing of the petition and sale of the property, can the property rise or fall in value. ... The debtor's right to use the exemption comes into play not upon the filing of the petition, but only if and when the trustee attempts to sell the property.
 
 
 16
 In re Hyman, 967 F.2d at 1321.
 
 
 17
 When the original bankruptcy petition was filed, Alsberg's interest in the residence passed to the bankruptcy estate. Alsberg's California homestead exemption can be realized only from the net proceeds of sale received by the estate. The estate held an interest in the residence at all times after the petition was filed. Therefore, when the residence was sold, the proceeds of the sale vested in the estate. When Alsberg subsequently filed a claim for a $45,000 homestead exemption after the sale of the property, he became entitled to $45,000 of the proceeds, and no more.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The Honorable Justin L. Quackenbush, Senior United States District Judge for the Eastern District of Washington, sitting by designation
 
 
 [1]
 The trustee, Jerome Robertson, asserts that the tax liens may operate to impair Alsberg's right to a $45,000 homestead exemption. We do not consider the issues raised by the existence of the tax liens, because the parties agreed at a hearing before the bankruptcy court to reserve the question of the rights of the IRS, the County of Santa Cruz, and wage claimants
 
 
 [2]
 We recently stated in Bernard v. Coyne (In re Bernard), 40 F.3d 1028, 1030 n. 2 (9th Cir.1994) that the argument that a homestead exemption operates to remove the residence itself from the bankruptcy estate "is now deemed foreclosed in this circuit." All the cases in which we have considered this argument have relied upon provisions of the California statutory homestead exemption. We have yet to consider this argument as applied to the homestead exemption statutes of other states in this circuit