110 F.3d 69
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Gustavo RODRIGUEZ, Debtor.
Gustavo RODRIGUEZ, Appellant,
v.
Harry G. THOMPSON; Amira Thompson; Horacio Gutierrez;
Ofelia Gutierrez, Appellees.
 No. 96-16119.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 24, 1997.*
Decided March 26, 1997.
 
 Before: SNEED, FARRIS, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Chapter 7 debtor Gustavo Rodriguez appeals the district court's decision affirming the bankruptcy court's order awarding Harry Thompson, Amira Thompson, Horacio Gutierrez, and Ofelia Gutierrez (collectively "appellees") $75,000 in damages for emotional distress and determining that the award was nondischargeable under 11 U.S.C. § 523(a)(4).
 
 
 3
 We have jurisdiction pursuant to 28 U.S.C. § 158(d). This court independently reviews the bankruptcy court's rulings on appeal from the district court. See Levin v. Maya Constr. Co. (In re Maya Constr. Co.), 78 F.3d 1395, 1398 (9th Cir.1996), cert. denied, 117 S.Ct. 168 (1996). We review the bankruptcy court's conclusions of law de novo and the court's findings of fact for clear error. See Alsberg v. Robertson (In re Alsberg), 68 F.3d 312, 314 (9th Cir.1995), cert. denied, 116 S.Ct. 1568 (1996). We affirm.
 
 A. Background
 
 4
 In 1989, Rodriguez solicited loans from the appellees. The loans were on behalf of Bruce Loughridge and Harvey Brickman, who in return for the loans, delivered a promissory note to the appellees for $150,000 secured by a second deed of trust on certain real property. The loans were never repaid and the real property securing the loans was valued at much less than Rodriguez had represented to the appellees.
 
 
 5
 The appellees brought a state court action against Rodriguez alleging fraud and breach of fiduciary duty. On April 7, 1993, the state court entered summary judgment for the appellees on their breach of fiduciary duty claim. Trial was set on the appellees' remaining claims. However, before the state court could rule on these remaining claims, Rodriguez filed a Chapter 11 petition on November 29, 1993. After the case was converted to a Chapter 7, the appellees brought an adversary proceeding to determine the dischargeability of Rodriguez's alleged debts to them.
 
 
 6
 The bankruptcy court concluded that Rodriguez intentionally or negligently misrepresented the value of the property and the financial condition of the borrowers in order to induce the appellees to make the loans to Loughridge and Brickman. The bankruptcy court found that the appellees suffered actual damages totalling $275,829 and that these damages were nondischargeable under 11 U.S.C. § 523(a)(2). The bankruptcy court also awarded the appellees $75,000 in emotional distress damages and held that these damages were nondischargeable pursuant to 11 U.S.C. § 523(a)(4). Rodriguez appealed and the district court affirmed the bankruptcy court's decision.[1]
 
 B. Discussion
 
 7
 Rodriguez contends that the bankruptcy court erred by holding that its award of emotional distress damages was nondischargeable pursuant to 11 U.S.C. § 523(a)(4).[2] This contention lacks merit.
 
 
 8
 An individual debtor is not discharged from any debt "for fraud or defalcation while acting in a fiduciary capacity." 11 U.S.C. 523(a)(4). With respect to the term "fiduciary," we have stated:
 
 
 9
 The meaning of "fiduciary" in § 523(a)(4) is an issue of federal law. The broad, general definition of fiduciary--a relationship involving confidence, trust and good faith--is inapplicable in the dischargeability context. The trust giving rise to the fiduciary relationship must be imposed prior to any wrongdoing; the debtor must have been a "trustee" before the wrong and without reference to it....
 
 
 10
 Although the concept of fiduciary is to be narrowly defined as a matter of federal law, state law is to be consulted to determine when a trust in this strict sense exists.
 
 
 11
 Ragsdale v. Haller, 780 F.2d 794, 796 (9th Cir.1986) (citations omitted).
 
 
 12
 Under California law, if a debtor acts within the scope of his real estate broker's license, a fiduciary relationship arises between the debtor and his clients, and any judgment for fraud or defalcation is nondischargeable under section 523(a)(4). See Woosley v. Edwards (In re Woosley), 117 B.R. 524, 529 (B.A.P. 9th Cir.1990); see also Bugna v. McArthur (In re Bugna), 33 F.3d 1054, 1057 (9th Cir.1994).
 
 
 13
 Rodriguez claims that he was not acting within the scope of his real estate broker's license when he solicited the loans from the appellees, but was merely acting as a conduit for delivering the loan proceeds to Kish & Co., the broker of record. The mere fact that Kish & Co. was the broker of record is not determinative of Rodriguez's status as a fiduciary for appellees. See In re Grabau, 151 B.R. 227, 231-32 (N.D.Cal.1993). Rather, the focus is on the individual debtor's direct involvement in the transaction. See id.; see also Woosley, 117 B.R. at 529-30.
 
 
 14
 Here, Rodriguez failed to challenge the bankruptcy court's findings that Rodriguez was directly involved in the underlying transactions with the appellees. The bankruptcy court found:
 
 
 15
 Mr. Rodriguez misrepresented material facts with respect to the transaction, with the intent to induce the plaintiffs to loan the funds that they did loan, or failed to reveal material facts where he had a duty to do so.
 
 
 16
 For example, he misrepresented that the property was in good condition; that tenants were paying three to four thousand dollars a month in rent; that it would be a three-month loan; that the borrowers were millionaires and well able to repay the loans; that the property had been inspected by a ... co-lender who was a contractor; and failed to disclose that the loan would be junior to another loan; and that the property was in a bad neighborhood.
 
 
 17
 At the time Mr. Rodriguez made these representations or failed to disclose these material facts, he knew that the representations were false....
 
 
 18
 Transcript at 193-96.
 
 
 19
 Based upon these factual findings, it is clear that Rodriguez was acting within the scope of his licensed activities as a real estate broker when he solicited the loans from the appellees. See Cal. Bus. & Prof. Code § 10131(d).[3] Accordingly, the bankruptcy court did not err by holding that Rodriguez's debt to the appellees was nondischargeable pursuant to section 523(a)(4). See Woosley, 117 B.R. at 529.
 
 AFFIRMED.[4]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court's decision is reported at Thompson v. Rodriguez (In re Rodriguez), 196 B.R. 537 (N.D.Cal.1996)
 
 
 [2]
 Rodriguez does not contend that the bankruptcy court erred by awarding the appellees actual damages of $275,829 and holding that this debt was nondischargeable under section 523(a)(2)
 
 
 [3]
 Licensed activities of a real estate broker include: "solicit[ing] borrowers or lenders for or negotiat[ing] loans or collect[ing] payments or perform[ing] services for borrowers or lenders or note owners in connection with loans secured directly or collaterally by liens on real property." Cal. Bus. & Prof. Code § 10131(d)
 
 
 [4]
 The appellees' request for sanctions pursuant to Fed.R.App.P. 38 is denied