116 F.3d 485
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rudolfo E. PETILLA, Appellant,
v.
FIRST CARD NATIONAL BANK, Appellee.
 No. 96-17037.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 3, 1997**
Decided June 9, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, No. CV-95-05592-REC; Robert E. Coyle, Chief District Judge.
 Before: NORRIS, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Chapter 7 debtor and attorney Rodolfo Enriquez Petilla appeals pro se the district court's affirmance of the bankruptcy court's judgment following trial in favor of First Card National Bank ("First Card"). The bankruptcy court held that Petilla's credit card debt to First Card was nondischargeable under 11 U.S.C. § 523(a)(2)(A) and entered judgment for First Card in the amount of $7,038.87 plus costs and interest.
 
 
 3
 We have jurisdiction pursuant to 28 U.S.C. § 158(d). This court independently reviews the bankruptcy court's rulings on appeal from the district court. See Levin v. Maya Constr. (In re Maya Constr. Co.), 78 F.3d 1395, 1398 (9th Cir.), cert. denied, 117 S.Ct. 168 (1996). We review the bankruptcy court's conclusions of law de novo and the court's findings of fact for clear error. See Alsberg v. Robertson (In re Alsberg), 68 F.3d 312, 314 (9th Cir.1995), cert. denied, 116 S. Ct. 1568 (1996). A finding of whether a requisite element of a section 523(a)(2)(A) is present is a factual determination we review for clear error. Anastas v. American Sav. Bank (In re Anastas), 94 F.3d 1280, 1283 (9th Cir.1996). We affirm.
 
 1. 11 U.S.C. § 523(a)(2)(A)
 
 4
 Section 523(a) (2)(A) precludes discharge of any debt obtained by "false pretenses, a false representation, or actual fraud." To establish the nondischargeability of a debt under section 523(a)(2)(A), a creditor must show:
 
 
 5
 (1) the debtor made the representations;
 
 
 6
 (2) that at the time he knew they were false;
 
 
 7
 (3) that he made them with the intention and purpose of deceiving the creditor;
 
 
 8
 (4) that the creditor relied on such representations;
 
 
 9
 (5) that the creditor sustained the alleged loss and damage as the proximate result of the representations having been made.
 
 
 10
 Britton v. Price (In re Britton), 950 F.2d 602, 604 (9th Cir.1991). "These requirements mirror the elements of common law fraud, and the creditor is required to prove each by a preponderance of evidence." American Express Travel Related Servs. Co. v. Hashemi (In re Hashemi), 104 F.3d 1122, 1126 (9th Cir.1997) (citation omitted), cert. denied, 65 U.S.L.W. 3762 (U.S. May 19, 1997) (No. 96-1530).
 
 
 11
 a. Fraudulent intent
 
 
 12
 Petilla contends that the bankruptcy court erred by finding that Petilla intended to defraud First Card. This contention lacks merit. "[A] court may infer the existence of the debtor's fraudulent intent not to pay if the facts and circumstances of a particular case present a picture of deceptive conduct by the debtor." Citibank (South Dakota), NA. v. Eashai (In re Eashai), 87 F.3d 1082, 1087 (9th Cir.1996).[1]
 
 
 13
 Here, there is evidence in the record to support the bankruptcy court's finding that Petilla intended to defraud First Card: (1) Petilla made over $7,000 in charges on his First Card credit card close[2] to the filing date of his bankruptcy petition; (2) Petilla was in poor financial condition because his monthly income was exceeded by his gambling debts, which he could not expect to pay from his income; (3) On the same day, Petilla made multiple charges from different credit cards, withdrawing large amounts of cash on each card; (4) Petilla, who was an accountant and an attorney, was financially sophisticated; (5) Petilla was "loading up" debt prior to filing his bankruptcy petition by making large charges on his various credit cards; and (6) Petilla used his credit primarily for gambling. Given the evidence in the record, the bankruptcy court did not clearly err by finding that Petilla did not have the intent to repay his debt to First Card. See In re Hashemi, 104 F.3d at 1126.
 
 
 14
 b. Justifiable reliance
 
 
 15
 We refuse to consider Petilla's contention that the bankruptcy court erred by failing to make a determination that First Card justifiably relied on his representations to repay, because Petilla failed to raise this issue below. See Sierra Club. Inc. v. Commissioner, 86 F.3d 1526, 1532 n. 13 (9th Cir.1996) (issues not raised below will not be considered on appeal).
 
 2. Custom and habit evidence
 
 16
 Petilla contends that the bankruptcy court erred by failing to take into account evidence of his custom and habit to pay off his credit card debt. This contention lacks merit because the exhibits Petilla wanted to admit at trial were received as evidence and considered by the bankruptcy court.[3]
 
 
 17
 3. Bankruptcy court's jurisdiction to enter judgment after determining dischargeability of the debt
 
 
 18
 Petilla contends that the bankruptcy court lacked jurisdiction to enter a monetary judgment after it determined that Petilla's debt was nondischargeable. We rejected this contention in Cowen v. Kennedy (In re Kennedy), 108 F.3d 1015, 1017 (9th Cir.1997).
 
 
 19
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We have looked to certain non-exclusive factors to determine a debtor's intent to defraud. See In re Hashemi, 104 F.3d at 1126 n. 2 (listing the factors)
 
 
 [2]
 Petilla made the following charges on his First Card credit card prior to the filing of his bankruptcy petition on July 20, 1994:(1) June 3 ($35.54); (2) June 7 ($23.68); (3) June 11 ($3,099.99); June 12 ($3,099.99); June 24 ($133.84); and July 4 ($524.99)
 
 
 [3]
 To the extent that Petilla contends that the bankruptcy court failed to consider this evidence to show that Petilla had the intent to repay his debt, we reject this contention. As stated above, the bankruptcy court's finding that Petilla did not intend to repay his debts was not clearly erroneous