122 F.3d 1072
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Rene KORPER; Conny Korper, Appellants,
v.
Rene KORPER; Conny Korper, Appellees.
 No. 96-55357.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997.**
Filed August 29, 1997.
 
 Appeal from the Ninth Circuit Bankruptcy Appellate Panel, BAP No. CC-94-01921-OHB; Lawrence Ollason, Alfred C. Hagan, and Philip H. Brandt, Bankruptcy Judges, Presiding.
 Before SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Creditors Andrea and Geneva Potter appeal pro se the Bankruptcy Appellate Panel's ("BAP") affirmance of the bankruptcy court's refusal to deny discharge under 11 U.S.C. § 727 to Chapter 7 debtors Rene and Conny Korper. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review de novo a decision of the BAP. See Alsberg v. Robertson (In re Alsberg), 68 F.3d 312, 314 (9th Cir.1995), cert. denied, 116 S.Ct. 1568 (1996). We review the bankruptcy court's conclusions of law de novo and its findings of fact for clear error. See id. We affirm.
 
 
 3
 We conclude that the BAP did not err by affirming the bankruptcy court's findings that the Korpers did not have the fraudulent intent necessary under 11 U.S.C. § 727(a)(2), (a)(4) to deny a discharge, and that their financial records were adequate under 11 U.S.C. § 727(a)(3).
 
 
 4
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, the Potters' request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3