122 F.3d 1073
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re: Rodolfo Enriquez PETILLA, Debtor,
Rodolfo Enriquez PETILLA, Appellant,
v.
BANK ONE LAFAYETTE, N.A., Appellee.
 No. 96-17317.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 3, 1997.
 
 Appeal from the United States District Court for the Eastern District of California Robert E. Coyle, Chief District Judge, Presiding
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Chapter 7 debtor and attorney Rodolfo Enriquez Petilla appeals pro se the district court's affirmance of the bankruptcy court's judgment following a trial in favor of Bank One Lafayette, N.A. ("Bank One"). The bankruptcy court held that Petilla's credit card debt to Bank One was nondischargeable under 11 U.S.C. § 523(a)(2)(A) and entered judgment for Bank One in the amount of $12,268.65 plus costs and interest.
 
 
 3
 We have jurisdiction pursuant to 28 U.S.C. § 158(d). This court independently reviews the bankruptcy court's rulings on appeal from the district court. See Levin v. Maya Constr. Co. ( In re Maya Constr. Co.), 78 F.3d 1395, 1398 (9th Cir.), cert. denied, 117 S.Ct. 168 (1996). We review the bankruptcy court's conclusions of law de novo and the court's findings of fact for clear error. See Alsberg v. Robertson (In re Alsberg), 68 F.3d 312, 314 (9th Cir.1995), cert. denied, 116 S.Ct. 1568 (1996). A finding of whether a requisite element of a section 523(a)(2)(A) is present is a factual determination that we review for clear error. See Anastas v. American Sav. Bank (In re Anastas), 94 F.3d 1280, 1283 (9th Cir.1996). We affirm.
 
 
 4
 Petilla contends that the bankruptcy court erred by finding that Petilla intended to defraud Bank One. This contention lacks merit. "[A] court may infer the existence of the debtor's [fraudulent] intent not to pay if the facts and circumstances of a particular case present a picture of deceptive conduct by the debtor." Citibank (South Dakota), N.A. v. Eashai (In re Eashai), 87 F.3d 1082, 1087 (9th Cir.1996).[1]
 
 
 5
 Here, there is evidence in the record to support the bankruptcy court's finding that Petilla intended to defraud Bank One: (1) Petilla made approximately $12,000 in charges on his Bank One credit card close to the filing date of his bankruptcy petition[2]; (2) Petilla's charges exceeded his account's credit limit by $2,600; (3) On the same day, Petilla made multiple charges from different credit cards, withdrawing large amounts of cash on each card; (4) Petilla was an accountant and an attorney, who, by inference, knew he could attempt to avoid the charges by filing for bankruptcy; (5) Petilla was "loading up" debt prior to filing his bankruptcy petition by making large charges on his various credit cards; and (6) Petilla used his credit primarily for gambling. Given the evidence in the record, the bankruptcy court did not clearly err by finding that Petilla did not have the intent to repay his debt to Bank One. See American Express Travel Related Servs. Co. v. Hashemi (In re Hashemi), 104 F.3d 1122, 1126 (9th Cir.), cert. denied, 117 S.Ct. 1824 (1997).
 
 
 6
 We refuse to consider Petilla's contention that the bankruptcy court erred by failing to make a determination that Bank One justifiably relied on his representations to repay, because Petilla failed to raise this issue below. See Sierra Club, Inc. v. Commissioner, 86 F.3d 1526, 1532 n. 13 (9th Cir.1996) (issues not raised below will not be considered on appeal).
 
 
 7
 Petilla also contends that the bankruptcy court erred by failing to take into account evidence of his custom and habit to pay off his credit card debt. This contention lacks merit because the exhibits Petilla wanted to admit at trial were received as evidence and considered by the bankruptcy court.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We have looked to certain non-exclusive factors to determine a debtor's intent to defraud. See American Express Travel Related Servs. Co. v. Hashemi (In re Hashemi), 104 F.3d 1122, 1126 n. 2 (9th Cir.) (listing the factors), cert. denied, 117 S.Ct. 1824 (1997)
 
 
 [2]
 Petilla made the following charges on his Bank One credit card prior to the filing of his bankruptcy petition on July 20, 1994:(1) May 28 ($3,001.50); (2) June 10 ($3,001.00); (3) June 11 ($3,001.00); and June 11 ($3,099.99)