122 F.3d 1071
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re: John William HIBBS Debtors,
Demetrios James Sophos, Plaintiff-Appellee,
v.
John William Hibbs; Sandra Burris Hibbs, Defendants-Appellants.
 Nos. 96-55383, CC-94-01047-MOH.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Filed Sept. 5, 1997.
 
 Appeal from the Ninth Circuit Bankruptcy Appellate Panel Meyers, Ollason, and Hagan, Judges, Presiding
 Before SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John Hibbs, debtor, appeals pro se the Bankruptcy Appellate Panel's ("BAP") decision affirming the Bankruptcy Court's summary judgment for James Sophos, creditor. The Bankruptcy Court found that Hibbs's judgment for infringing upon Sophos's copyright was nondischargeable under 11 U.S.C. § 523(a)(6). We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm.[1]
 
 
 3
 This court independently reviews the bankruptcy court's rulings on appeal from the BAP. See Havelock v. Taxel ( In re Pace), 67 F.3d 187, 191 (9th Cir.1995). We review the bankruptcy court's conclusions of law de novo and the court's factual findings for clear error. See Alsberg v. Robertson (In re Alsberg), 68 F.3d 312, 314 (9th Cir.1995), cert. denied, 116 S.Ct. 1568 (1996).
 
 
 4
 Hibbs contends that the BAP erred by finding his judgment for copyright infringement nondischargeable because his conduct was not "willful and malicious" within the meaning of the Bankruptcy Code. We disagree.
 
 
 5
 The Bankruptcy Code bars discharge of debts resulting from "willful and malicious" injury by the debtor. See 11 U.S.C. § 523(a)(6). "We have held that an act is 'willful and malicious' when done intentionally and the act necessarily produces harm and is without just cause or excuse." Papadakis v. Zelis (in re Zelis), 66 F.3d 205, 208 (9th Cir.1995). A creditor need not show that the debtor specifically intended to injure the victim. See Britton v. Price (In re Britton), 950 F.2d 602, 605 (9th Cir.1991). The creditor, however, must show that the debtor intended to do tie act, and had actual knowledge or could reasonably foresee that his conduct would result in injury to the creditor. See id.
 
 
 6
 Here, the district court in Hibbs's copyright action found that Hibbs had directed Norm Henthorn, another silkscreen artist, to remove Sophos's copyright and duplicate Sophos's artwork without Sophos's permission, and that Hibbs subsequently included the counterfeit artwork in the video game kits that were later sold to the public. Because the district court's findings are entitled to collateral estoppel effect, see In re Zelis, 66 F.3d at 208, the bankruptcy court properly found that Hibbs's conduct was intentional and that he could reasonably foresee that his actions would injure Sophos's economic interests. See In re Britton 950 F.2d at 605.
 
 
 7
 Hibbs argues that there was "just cause or excuse" for his conduct because he reasonably believed he was not infringing. We disagree. Although Hibbs had actual knowledge of Sophos's copyright, he failed to seek the advice of counsel before engaging in the infringing conduct, and did not demonstrate that he took any other steps to determine whether or not his actions would infringe Sophos's copyright. See Underwater Devices, Inc. v. Morrison-Knudsen Co., 717 F.2d 1380, 1389-90 (Fed.Cir.1983) (where a potential infringer has actual notice of another's patent rights, he has an affirmative duty to determine whether or not he is infringing). Because there was not just cause or excuse for Hibbs's intentional infringement of Sophos's copyright, and because the infringement necessarily caused harm, the bankruptcy court did not err by that finding that Hibbs's debt was nondischargeable. See Papadakis, 66 F.3d at 208.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Accordingly, Hibbs's request for oral argument is denied. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We may affirm for any reason supported by the record. See Reynolds v. County of San Diego, 84 F.3d 1162, 1166 (9th Cir.1996)