**In re: NFC FINANCIAL, Debtor.**

**United Computer Capital Corporation, dba Unistar Leasing, Appellant,**

**v.**

**NFC Financial, Appellee.**

**No. 99–17607.**

**BAP No. NC–99–01260–RPRy.**

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 2001.*

Decided June 13, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. See Fed.

R.App. P. 34(a)(2).

Before O'SCANNLAIN and W. FLETCHER, Circuit Judges, and KELLEHER,** District Judge.

## MEMORANDUM ***

NFC Financial ("NFC") leased communications equipment to customers and assigned the leases to wholesale funding companies. United Computer Capital Corporation ("Unistar") was one such wholesale funding source. After NFC filed for Chapter 11 bankruptcy, Unistar filed an amended proof of claim against NFC. NFC objected to the claim, asserting that Unistar owed NFC funds pursuant to a contract for the sharing of insurance premiums collected by Unistar on leases assigned to it by NFC. The bankruptcy court concluded that a contract existed covering the insurance premiums and entered judgment for NFC. Unistar appealed to the Bankruptcy Appellate Panel ("BAP"), which affirmed the bankruptcy court. Unistar appeals to this court, and we affirm.

■■■■ We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review de novo decisions of the BAP. *See Alsberg v. Robertson (In re Alsberg)*, 68 F.3d 312, 314 (9th Cir.1995). We review de novo the bankruptcy court's conclusions of law and review for clear error its findings of fact. *See id.* Where contract interpretation includes a review of factual evidence, this court reviews for clear error the finding of facts themselves but reviews de novo the application of contract law to those facts. *See L.K. Comstock & Co., Inc. v. United*

*Eng'rs & Constructors Inc.*, 880 F.2d 219, 221 (9th Cir.1989).

■■■■ Unistar contends there is no enforceable contract between itself and NFC. Unistar first contends that it never clearly manifested its assent to an offer by NFC to share insurance premiums. This contention is unpersuasive because the company presidents of both Unistar and NFC testified that both sides agreed to a contract for the sharing of insurance premiums.

■■■■ Unistar next contends that even if it did assent, the terms were insufficiently certain to be enforced. This contention is unpersuasive because evidence in the record supports the bankruptcy court's factual findings as to the sufficiency of each of the challenged contract terms. The testimony of NFC's president, Glenn Fagerlin, and documentary evidence sufficiently showed both the premiums that would be paid for insurance and the premiums that would be shared. Any assertions of uncertainty with regard to the costs of administering claims, timing of payment, accounting system to be employed, termination of the contract, and treatment of renewals and extensions were sufficiently refuted by the testimony of Fagerlin and the documentary evidence submitted by NFC. For example, Fagerlin testified that Unistar agreed to shoulder the costs of administering claims, to pay NFC its share "as collected," and to account to NFC for the premium revenues collected. Further, there is evidence that the sharing was to include all insurance proceeds collected for leases assigned to Unistar by NFC. There is no evidence that the premium sharing agreement would not include automatic lease extensions. Accordingly, the bank-

---

** Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

ruptcy court did not clearly err by finding sufficient certainty in the contract.

■ Unistar next contends that the district court erred by granting affirmative relief beyond an offset of Unistar's claim, on the grounds that NFC never prayed for that relief, and that NFC failed to present sufficient evidence of a reasonable estimate of future damages. However, NFC's filing of an initial objection to Unistar's claim did not preclude NFC from pursuing affirmative relief at the hearing before the bankruptcy court, particularly after Unistar agreed to stipulate to allow NFC to pursue affirmative relief at the same proceeding in which Unistar presented its claim. Further, NFC presented sufficient evidence to support a conclusion that it was entitled to the affirmative relief. We decline to consider Unistar's contention that the affirmative relief sought was specific performance, and that such relief was not available. *See Florida Partners Corp. v. Southeast Co. (In re Southeast Co.),* 868 F.2d 335, 339–40 (9th Cir.1989) (declining to address issue not raised before bankruptcy court involving factual considerations).

■ Finally, Unistar contends that leases that are automatically renewed are new leases rather than extensions of leases assigned by NFC governed by the contract, and that because NFC does nothing to cause the renewal, it is not entitled to any insurance premiums from those leases. This contention is unpersuasive because the contract does not specify that the effort of either party changes the ordinary meaning of the terms of the contract. In addition, under Unistar's own rationale based on effort, it has no greater claim than NFC to the insurance premiums for leases that automatically renew. Unistar's reliance on *Int'l Bus. Machs. v. State Bd. of Equalization,* 26 Cal.3d 923, 929–30, 163 Cal.Rptr. 782, 609 P.2d 1, 5 (1980) (en banc), for the proposition that renewed leases are new leases is misplaced. In *International Business Machines,* the California Supreme Court concluded that the California legislature did not intend for renewed leases to continue to be exempt from taxation under a "grandfather clause." This holding is inapposite to appellant's contention.

AFFIRMED.