FILED

DEC 05 2012

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

ORDERED PUBLISHED

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | | |
|---|---|---|
| In re: | ) | BAP No.   NC-11-1579-JoJuKi |
| | ) | |
| SUNG HO CHA and YOUHNG LIM PARK, | ) | Bk. No.   10-14098 |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| SUNG HO CHA; YOUNG LIM PARK, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | **O P I N I O N** |
| | ) | |
| JEFF RAPPAPORT, | ) | |
| | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Argued and Submitted on May 17, 2012
at San Francisco, California

Filed – December 5, 2012

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Alan Jaroslovsky, Bankruptcy Judge, Presiding

_____

Appearances:  Dennis D. Davis, Esq., Goldberg, Stinnett, Davis & Linchey PC, argued for Appellants Sung Ho Cha and Young Lim Park;  Neil Ison, Esq. argued for Appellee Jeff Rappaport.

_____

Before: JOHNSON[1], JURY and KIRSCHER, Bankruptcy Judges.

_____

   [1]   Hon. Wayne Johnson, Bankruptcy Judge for the Central District of California, sitting by designation.

JOHNSON, Bankruptcy Judge:

This appeal arises from the decision of the bankruptcy court finding that a state court judgment against the debtors Sung Ho Cha ("Cha") and Young Lim Park ("Park") (collectively, the "Debtors") for failing to pay rent is nondischargeable as to Cha and nondischargeable as to Park only to the extent of the Debtors' community property. For the reasons set forth below, we AFFIRM the decision of the bankruptcy court.

## I. FACTS

In 2008, the Debtors executed a written agreement ("Lease") with Jeff Rappaport ("Rappaport") to lease the real property located at 5 Rolling Hills Road, Tiburon, California ("Property"). The Debtors moved into the Property but rarely paid any rent.[2] After many months, Rappaport recovered possession of the Property and obtained a state court judgment for unpaid rent in the amount of $46,151.11 ("State Court Judgment").

At the time the parties executed the Lease, Cha provided Rappaport with a signed financial statement which indicated that in 2008 his income was $7,000 every two weeks. The statement also indicated Cha possessed cash and bank deposits

---

[2] The trial court stated in its "Memorandum After Trial" that the Debtors "never paid any rent" but Rappaport testified at trial that the Debtors did pay rent for the first month and "small amounts and then tiny amounts" thereafter. This difference, however, is not material to this appeal and the Debtors have not raised it on appeal. The Debtors do not dispute that overall they failed to pay in excess of $46,000 in rent. Likewise, they do not dispute that the financial statement provided by Cha was materially false.

2

of $50,000.  When the Debtors filed a voluntary chapter 7 petition,[3] Rappaport commenced an adversary proceeding against the Debtors contending the statements in the financial statement were false and, therefore, the State Court Judgment was nondischargeable pursuant to sections 523(a)(2)(A) and 523(a)(2)(B).  At trial, the bankruptcy court determined the financial statement was materially false and the Debtors do not contend otherwise on appeal.  The Debtors offered no evidence at trial in support of the representations in the financial statement and they do not contend on appeal that the trial judge erred in finding the financial statement was false.  The trial court entered judgment in favor of Rappaport and the Debtors appealed.

## II.  JURISDICTION

The bankruptcy court properly exercised jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(I).  This Panel has jurisdiction over appeals pursuant to 28 U.S.C. § 158.

## III.  ISSUES

The Debtors raise only two arguments on appeal.  First, they contend that Rappaport lacked standing to prosecute the adversary proceeding against the Debtors.  Second, they contend that the form of the judgment against Park is improper.

## IV.  STANDARD OF REVIEW

Standing is a legal issue which this Court reviews de

---

[3]  Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and "Rule" references are to the Federal Rules of Bankruptcy Procedure.

3

novo. <u>Loyd v. Paine Webber, Inc.</u>, 208 F.3d 755, 758 (9th Cir. 2000); <u>In re Aheong v. Mellon (In re Aheong)</u>, 276 B.R. 233, 238 (9th Cir. BAP 2002). De novo means review is independent, with no deference given to the trial court's conclusion. <u>Barclay v. Mackenzie (In re AFI Holding, Inc.)</u>, 525 F.3d 700, 702 (9th Cir. 2008).

Whether the bankruptcy court erred in entering judgment against Park raises a question of law. This Court reviews the bankruptcy court's conclusion of law de novo. <u>Alsberg v. Robertson (In re Alsberg)</u>, 68 F.3d 312, 314 (9th Cir. 1995).

**V. STANDING**

A. <u>Introduction</u>

The Debtors contend Rappaport lacked standing to prosecute the adversary proceeding against them. It is undisputed that the owner of record of the Property was Western Liability Insurance Company ("Western"), a company created by Rappaport's father. Because the adversary proceeding was filed by Rappaport (not Western), the Debtors challenged his standing.

Rappaport executed the Lease with his personal signature "Jeff Rappaport" above the heading "Jeff Rappaport (for Western Liability Insurance)". His signature and similar headings also appear on the Lease/Rental Mold and Ventilation Addendum, the Water Heater and Smoke Detector Statement of Compliance, the Lead-Based Paint and Lead-Based Paint Hazard Disclosure, the Acknowledgment and Addendum and the Pet Agreement Addendum. When the Debtors challenged the standing of Rappaport, he testified at trial that there was an assignment from Western to Rappaport "for the rights to rent the property out." The

4

testimony by Rappaport and the objections of counsel indicated that a written assignment existed but counsel for Rappaport apparently failed to designate the document as a trial exhibit. There are references in the record suggesting that Rappaport submitted the written assignment to the court at a prior hearing but not at trial. When Rappaport asked the court to take judicial notice of the document at trial, the court declined to do so.[4]

The Debtors do not contend that no assignment exists. They never contended that an assignment did not exist and they offered no evidence at trial to rebut Rappaport's testimony. Rather, they contend Rappaport lacks standing because he failed to present the written assignment at trial and, therefore, failed to satisfy his burden of proving the existence of an assignment.

As a result, this is not a situation in which the trial court weighed competing evidence regarding standing because the Debtors presented none. Instead, the Debtors contend they need not present any evidence at trial regarding Rappaport's standing because the plaintiff bears the burden of proving his standing and the evidence he presented was insufficient for that purpose. We agree that the plaintiff bears the burden of proof but find the plaintiff has done so in this case.

---

[4] We find no error in the decision of the trial court to decline to take judicial notice of the document. We agree with the trial court that Rappaport failed to properly present the written assignment as an exhibit for trial. Therefore, the trial court properly rejected Rappaport's attempt to rectify this error by asking the court to take judicial notice of a document in the court's file but not brought to trial or designated as a trial exhibit.

B.   Legal Standard

Rule 7017 of the Federal Rules of Bankruptcy Procedure incorporates and applies Rule 17(a) of the Federal Rules of Bankruptcy Procedure to adversary proceedings.  Rule 17(a) states that every action must be prosecuted in the name of the real party in interest.  "This rule requires that the party who brings an action actually possess, under the substantive law, the right sought to be enforced.  Such a requirement is in place 'to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata.'"  United HealthCare Corp. V. Am. Trade Ins. Co., Ltd., 88 F.3d 563, 568-69 (8th Cir. 1996) (quoting Fed. R. Civ. P. 17(a), Advisory Comm. Note); Pac. Coast Agric. Exp. Ass'n v. Sunkist Growers, Inc., 526 F.2d 1196, 1208 (9th Cir. 1975).

"In an action involving an assignment, a court must ensure that the plaintiff-assignee is the real party in interest with regard to the particular claim involved by determining: (1) what has been assigned; and (2) whether a valid assignment has been made."  Carter v. Brooms (In re Brooms), 447 B.R. 258, 265 (9th Cir. BAP 2011) (quoting 6A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice and Procedure § 1545 (3d ed. 2010)).

C.   The Evidence in the Record

After reviewing the record, it is clear that Rappaport could have made it easier for the trial court by simply designating the written assignment as a trial exhibit and arranging for a witness to authenticate the document.  But the

6

failure to do so is not fatal in this instance. The record on appeal provides several different kinds of evidence upon which this court can affirm the decision of the trial court.

### 1. The State Court Judgment

First, the record on appeal includes the State Court Judgment. This is the most important evidence. The State Court Judgment is a default judgment against Cha and in favor of Rappaport in the amount of $46,151.11. The judgment clearly finds that Cha is liable to Rappaport for $46,151.11. Therefore, principles of preclusion apply.

The state court found that Cha owes Rappaport $46,151.11. The state court determined the amount of the debt and the identity of the obligee. Both are necessary to its holding. The Debtors want the bankruptcy court to disregard the State Court Judgment but Ninth Circuit law provides otherwise.

In Daghighfekr v. Mekhail (In re Daghighfekr), 161 B.R. 685 (9th Cir. BAP 1993), Mohammad Daghighfekr physically assaulted Laurence Mekhail (beating him until he was unconscious) prior to the commencement of a bankruptcy case. Mr. Mekhail sued in state court and obtained a judgment by default for $614,793 including $500,000 in punitive damages. When Mr. Daghighfekr later filed a bankruptcy case, Mr. Mekhail filed an action under section 523(a)(6) to have the state court judgment declared nondischargeable.

Like Cha, Mr. Daghighfekr did not dispute that his conduct violated section 523. Mr. Daghighfekr acknowledged that he committed the assault (just like Mr. Cha does not dispute his fraud). Instead, Mr. Daghighfekr contended that a state court

7

judgment obtained by default "has no preclusive effect on a bankruptcy court as to either the nature of the act causing the injury or the amount of damages awarded." Id. at 686. The BAP disagreed and stated that "while a default judgment or an unopposed summary judgment has no preclusive effect as to the issue of the willful and malicious nature of the injury on which the judgment is based, once this issue has been determined by the bankruptcy court, the judgment itself is *res judicata* as to the amount of the judgment." Id. Mr. Daghighfekr challenged the amount of the damages he owed to Mr. Mekhail but the BAP rejected the challenge. The BAP held it was bound by the state court judgment. See also In re Comer v. Comer (In re Comer), 723 F.2d 737, 740 (9th Cir. 1984) (holding that "res judicata barred the bankruptcy court from looking behind the default judgment to determine the actual amount of the obligation.").

This holding directly applies to Cha. Like Mr. Daghighfekr, Cha does not challenge whether or not section 523 applies to his conduct. Cha admits he committed fraud just as Mr. Daghighfekr admitted he assaulted Mr. Mekhail. Damages arising from both actions are nondischargeable under section 523. Therefore, the amount of the damages in the State Court Judgment is binding.

And while Cha challenges the standing of Rappaport in this appeal, that issue was necessarily decided by the state court. When a state court issues a judgment in favor of a party in a specific amount, both the obligee and the amount of damages are determined but issues related to section 523 are not

8

necessarily determined. Therefore, the State Court Judgment is binding as to the former, but not the latter.

A judgment by default is as conclusive as to the issues asserted in the complaint as if an answer had been filed and the issues had been litigated. Fitzgerald v. Herzer, 117 P.2d 364, 366 (Cal. Ct. App. 1947) (citing Maddux v. County Bank, 62 P. 264, 266 (1900)). "Such a judgment is res judicata as to all issues aptly pleaded in the complaint and defendant is estopped from denying in a subsequent action any allegations contained in the former complaint." Fitzgerald, 117 P.2d at 366 (citing Horton v. Horton, 116 P.2d 605, 608 (1941)).

However, the California Supreme Court has placed two limitations on this rule. Williams v. Williams (In re Williams' Estate), 223 P.2d 248 (Cal. 1950). The first, which is not disputed in this case, is that the defendant must be aware of the litigation. The second limitation concerns which issues are "actually litigated" in actions resulting in default judgments. "The Williams' Estate Court limited the principle that a defaulting defendant 'is presumed to admit all the facts which are well pleaded in the complaint' by allowing an issue to have preclusive effect 'only where the record shows an express finding upon the allegation' for which preclusion is sought." Harmon v. Kobrin (In re Harmon), 250 F.3d 1240, 1247 (9th Cir. 2001) (quoting In re Williams' Estate, 223 P.3d at 252, 254). "Thus, a court's silence concerning a pleaded allegation does not constitute adjudication of the issue." Id. (quoting In re Williams' Estate, 223 P.2d at 253). "However, the express finding requirement can be waived if the court in

9

the prior proceeding necessarily decided the issue: As a conceptual matter, if an issue was necessarily decided in a prior proceeding, it was actually litigated." Id. at 1248.

Here, it was impossible for the state court to enter judgment in favor of Rappaport without finding he had standing. Therefore, the issue of standing was necessarily decided in the prior proceeding. Because the issue of Rappaport's standing was necessarily decided and therefore actually litigated, Rappaport can rely upon the State Court Judgment in asserting his standing in the bankruptcy court.

## 2. Rappaport's Testimony

Second, Rappaport's testimony at trial indicates that a written assignment exists and that he is the assignee. The Debtors objected to this testimony as hearsay but the trial court overruled the objection and we find no error. While the better evidence at trial would have been for Rappaport to introduce the written document into evidence, Rappaport is not precluded from testifying that he is the assignee of rights and that the assignment is reflected in a written document.

For example, debtors can testify that they own a home and that their ownership interest is memorialized in a deed. The fact that the legal rights are transferred by the written document (i.e. the deed) does not prevent the debtors from claiming the ownership interest or testifying that a written document exists. To be sure, the hearsay objection would be well grounded if the Debtors testified regarding the specific contents of the deed and Rappaport's testimony would run afoul of the hearsay rule if he testified regarding the specific

10

provisions of the written document. But simply testifying that he claims certain legal rights (in this case as an assignee) and that this status is memorialized in a written document is not hearsay.

Of course, this is not the best evidence and it can often be quickly undermined at trial by cross-examination or the presentation of contrary evidence. Indeed, in some instances, the written document itself might be the best source to impeach generalized statements such as Rappaport's. But the Debtors made no such effort at trial. The general statements of Rappaport regarding the assignment went unchallenged.

D.   Conclusion

Accordingly, in light of the terms of the State Court Judgment and the testimony of Rappaport, the court concludes that the trial court did not err in holding that Rappaport had standing.

## VI.   FORM OF JUDGMENT

The Debtors also allege that the bankruptcy court erred in entering judgment against Park because the bankruptcy court found that no evidence was presented against Park. In its Memorandum After Trial, the bankruptcy court stated that "Rappaport produced no evidence that Cha's wife, defendant Young Lim Park, had anything to do with the false financial statement. Accordingly, only her interest in the community property of the marriage and not her separate property is liable for a nondischargeability judgment pursuant to § 524(a)(3) of the Bankruptcy Code." In addition, the bankruptcy court's judgment found "[t]he judgment in Marin

11

County Superior Court case number CIV-094947 dated January 12, 2010 is deemed non-dischargeable as to Defendant Young Lim Park only to the extent of her interest in the community property of the marriage and not her separate property."

The parties agree on appeal that the State Court Judgment was entered against Cha only and that the bankruptcy court found that Park had nothing to do with the false financial statement. The bankruptcy court judgment found that the State Court Judgment is nondischargeable as to Park only against the community property of the Debtors and the Debtors appear to agree that a judgment which is nondischargeable as to one spouse (but not the other) is enforceable against all community property. Thus, the parties agree on the substance of the law but the Debtors disapprove of the specific language used in the judgment. In fact, the Debtors admit in their opening brief that "the Court entered a Judgment against Park that does nothing more than restate what the law already provides." For this reason, we see no cause to reverse. While the Debtors may not have drafted the judgment with the same wording used by the bankruptcy court, they agree with the substance of the judgment.

## VII. CONCLUSION

For the reasons set forth above, the bankruptcy court did not err in finding that Rappaport had standing to bring the adversary proceeding against the Debtors nor did the bankruptcy court err in entering judgment against Park only to the extent of the Debtors' community property. We AFFIRM.

12